**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| LACHAR ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 24-1172 |
| | ) | |
| WAL-MART STORES EAST, L.P. t/d/b/a | ) | |
| WAL-MART et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

I. INTRODUCTION

In this removal action, Plaintiff Lachar Robinson brings claims of negligence and vicarious liability against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"), after she was assaulted by another customer while patronizing one of its stores. (Docket No. 1-2). Presently before this Court are Plaintiff's Motion for Leave to Amend Complaint and to Remand Case to State Court, (Docket No. 13), and Wal-Mart's opposition, thereto. (Docket Nos. 15; 21). In her motion and supporting materials, Plaintiff seeks leave of court to add claims against five defendants, including the assailant, Stephanie Brown, a security company, Brosnan Risk Consultants, Ltd., ("Brosnan"), and three Wal-Mart employees. (Docket Nos. 13; 17; 23; 24). She asserts that the joinders of Brosnan and the Walmart employees would destroy diversity jurisdiction over this case and asks that the Court remand the case back to the Court of Common Pleas of Allegheny County pursuant to 28 U.S.C. § 1447(e). (*Id.*). Walmart does not object to the joinders of Brown and Brosnan but disputes Brosnan's citizenship and opposes the joinders of its own employees as well as the requested remand. (Docket Nos. 15; 21).

Plaintiff's Motion has been exhaustively briefed and is now ripe for disposition. (Docket

Nos. 13; 15; 17; 21; 23; 24). After careful consideration of the parties' filings and for the following

reasons, Plaintiff's Motion, (Docket No. 13), will be granted and this matter will be remanded to

the Court of Common Pleas of Allegheny County, forthwith.

II. BACKGROUND

As the Court writes primarily for the parties and they are familiar with the facts of this

action, it focuses on those necessary to resolve the instant motion. Plaintiff, a Pennsylvania

resident, initially brought this suit in the Court of Common Pleas of Allegheny County against

only Wal-Mart, a citizen of Delaware and Arkansas. (Docket No. 1, ¶¶ 1–6). Wal-Mart removed

this case pursuant to this Court's diversity jurisdiction, 28 U.S.C §§ 1332(a), 1441. (Docket No.

1). Wal-Mart promptly filed its Answer, but case management proceedings have been stayed while

this Motion has been briefed.[1] (Docket No. 9).

In her Modified Amended Complaint, Plaintiff alleges that on May 20, 2023, she entered

a Wal-Mart store with three elderly women to make various retail purchases. (Docket No. 17, Ex.

A, ¶ 14). While in the restroom of the store with one of the elderly women, who is blind, an

individual later identified as Stephanie Brown, approached Plaintiff and her companion and began

threatening them. (*Id*. at ¶ 16). Brown then exited the restroom, retrieved a baseball bat which had

been on display for sale at the store, and returned to the restroom. (*Id*. at ¶ 17). Upon returning,

Brown began to physically assault Plaintiff with the bat. (*Id*. at ¶ 18). Although Plaintiff tried to

secure help by yelling, a Wal-Mart employee entered the restroom and removed the baseball bat,

which further exacerbated Brown's attack of Plaintiff by "creating a situation wherein the physical

---

[1]      The Court postponed the initial case management conference until it resolved the instant motion. (Docket
No. 9). Plaintiff first sought to join the assailant, Stephanie Brown, and two Wal-Mart employees, Samantha
McElroy and Heather Smith. (Docket No. 13). After Wal-Mart had responded, Plaintiff modified her motion and
proposed joining Brown, Brosnan Risk Consultants, Ltd. ("Brosnan"), and three different Wal-Mart employees –
Charlene Eddins, Gregg Kelly, and Maggie Smith. (Docket No. 17). In its discussion, the Court focuses on the
request to join those defendants set forth in the modified amended complaint. (*Id*.).

assault was incited." (*Id*. at ¶¶ 19, 73). After the bat was removed from the restroom, Wal-Mart employees did not render further aid to the Plaintiff or otherwise directly respond to the ongoing assault. (*Id*. at ¶¶ 19, 24). To that end, Eddins, Kelly, and Maggie Smith stationed themselves outside the restroom while waiting for police to arrive, thereby blocking the restroom exit which "prevented" Plaintiff from escaping the ongoing attack.[2] (*Id*. at ¶¶ 5–7, 31).

The parties concur that Brown is a citizen of Tennessee, (Docket No. 17, Ex. A, ¶ 4; Docket No. 21), and that Eddins, Kelly, and Maggie Smith are all Pennsylvania citizens, (Docket No. 17, Ex. A, ¶¶ 5–7; Docket No. 21). The parties agree that Brosnan is registered as a New York foreign limited liability company, but they dispute its ultimate citizenship for diversity purposes. (Docket Nos. 17; 21; 23). While Wal-Mart does not oppose the addition of Brosnan or Brown as defendants, it contests the additions of Eddins, Kelly, and Maggie Smith – anyone of whom would destroy subject matter jurisdiction. (Docket No. 21).

Neither party has requested oral argument and the Court believes that oral argument is not necessary to resolve these disputes.

III. LEGAL STANDARDS

Ordinarily, a defendant may remove a civil action from state court on the basis of diversity jurisdiction only when complete diversity of citizenship exists between the parties and the amount in controversy requirement has been met. *See* 28 U.S.C. §§ 1332(a), 1441; *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Relevant here, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In addition, Rule 20(a)(2) states, in pertinent part, that "[p]ersons […] may be joined in one action as defendants if: (A) any

---

[2]     In the related criminal action, Brown was convicted of simple assault and disorderly for attacking Plaintiff. *See* Docket No. 15-1.

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). However, if the joinder of parties would destroy diversity jurisdiction, § 1447(e) states that "the court may deny joinder, or permit joinder and remand the action" to state court. *See* 28 U.S.C. § 1447(e). In situations such as this one where the joinder of non-diverse parties threatens to divest a federal court of jurisdiction, the Third Circuit has held that the Court should consider the following four factors: (1) plaintiff's motives for seeking joinder; (2) the timeliness of plaintiff's request; (3) whether plaintiff will be significantly injured if joinder is not permitted; and (4) any other relevant equitable considerations. *See Avenatti v. Fox News Network, LLC*, 41 F.4th 125, 129–30 (3d Cir. 2022) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

IV. DISCUSSION

Before discussing the disputed joinders of Eddins, Kelly, and Maggie Smith, the Court must first address the undisputed joinder of Brosnan and its citizenship. Altogether, the Court concludes that the joinders of Brosnan, Eddins, Kelly, and Maggie Smith should be permitted but that the joinder of any of these parties serves as a basis for remanding this action to state court.

A.  Brosnan Risk Consultants, Ltd.

At the outset, the Court will permit Plaintiff to join Brosnan as a defendant because Wal-Mart does not object to doing same. (Docket No. 21). However, federal courts are courts of limited jurisdiction, possessing only the subject matter jurisdiction granted to them by the Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As a result, the party invoking diversity jurisdiction bears the burden of proving that subject matter jurisdiction exists, regardless of the parties' consent to joining a party. *See Auto-Owners Ins. Co. v. Stevens &*

4

*Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

Here, the Court cannot conclude that the unopposed joinder of Brosnan maintains complete diversity because the record demonstrates that it is a limited liability company and Wal-Mart, as the party bearing the bearing the burden of proving that subject matter jurisdiction exists, has not properly pled sufficient facts to establish its citizenship. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Mackason v. Diamond Fin., LLC*, 347 F.Supp.2d 53, 55 (S.D.N.Y. 2004) (holding that citizenship of foreign limited liability company properly plead as citizenship of its members for diversity jurisdiction purposes). To that end, in light of *Zambelli Fireworks*, "the citizenship of an LLC is determined by the citizenship of its members," as opposed to the test used to evaluate the citizenship of corporations, i.e., the state of incorporation and location of the principal place of business. *Zambelli Fireworks*, 592 F.3d at 420. The Court is also required to trace through every layer of a limited liability company's membership to properly ascertain its citizenship. *Id*. In this instance, Wal-Mart did not plead Brosnan's citizenship as that of a limited liability company, nor did it trace Brosnan's citizenship through each layer of its corporate structure.[3] (Docket 21). Without proper pleading of facts establishing Brosnan's citizenship, the Court is unable to conclude that complete diversity exists and must remand the action to state court.[4] *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006).

B.  Charlene Eddins, Gregg Kelly, and Maggie Smith[5]

---

[3]     Due to the relationship between Wal-Mart and Brosnan, Wal-Mart is also the party best positioned to address Brosnan's citizenship. (Docket 21 at 2, n.2).

[4]     Although the Court routinely issues orders to show cause when parties incorrectly plead the citizenship of limited liability companies in their initial pleadings, it finds an order to show cause inappropriate in this case. *See Milhollan v. Live Ventures, Inc. et al.*, Civ. A. No. 23-59, Docket No. 14; *Adams Grove Condominium Association v. Main Street America Assurance Co.*, Civ. A. No. 17-1565, Docket No. 7. Since the parties have exhaustively briefed this matter, the parties have already had substantial opportunity to address Brosnan's citizenship. (Docket Nos. 13; 15; 17; 21; 23; 24). Even though this Court possesses the inherent authority to issue such orders, the Court declines to exercise that authority and issue a show cause order.

[5]     Plaintiff names Charlene Eddins as a defendant in her modified amended complaint. (Docket No. 17, Ex. A, ¶ 5). However, Wal-Mart identifies Eddins as Charles Eddins. (Docket No. 21 at 3).

Alternatively, the disputed joinders of Eddins, Kelly, and Maggie Smith are also sufficient to remand this action to state court. In this Court's estimation, a fair evaluation of the four factors set forth in the *Avenatti* decision supports granting Plaintiff leave to amend her Complaint and adding these individuals as defendants. *See Avenatti*, 41 F.4th at 129–30.

      i.      *Plaintiff's Motive*

First, it is this Court's opinion that Plaintiff has not sought to add these defendants solely for the purpose of destroying diversity jurisdiction. *See Avenatti*, 41 F.4th at 129. Walmart suggests that the claims are a sham designed to avoid federal court jurisdiction and involve only alleged nonfeasance by its employees. (Docket Nos. 15; 21). To the contrary, Plaintiff's allegations against Eddins, Kelly, and Maggie Smith present plausible claims as courts have routinely found that claims of negligence against retail store managers arising from their misfeasance and/or nonfeasance are colorable. *See Ahearn v. BJ's Wholesale Club*, Civ. A. No. 19-3012, 2020 WL 1308216, at \*4 (E.D. Pa. March 18, 2020); *Aldorasi v. Crossroads Hosp. & Mgmt. Co.*, 344 F.Supp.3d 814, 827 (E.D. Pa. 2018). In *Ahearn*, the plaintiff alleged that defendant employees were negligent in causing her to slip and fall because of their failure to perform certain acts (nonfeasance) and the improper performance of other acts (misfeasance) within the scope of their employment. *See Ahearn*, 2020 WL 1308216, at \*1–2; *Ramos v. Wal-Mart Stores, Inc.*, 202 F.Supp.3d 457, 463 (E.D. Pa. 2016) (discussing the similarities of failure to perform and inadequate performance). Although the defendants in *Ahearn* moved to dismiss the claims against the defendant employees, the Court rejected the defendant's motion as the plaintiff had alleged misfeasance on the part of the store's employees. *See id.* at \*4–5.

Here, Plaintiff alleges, among other facts supporting joinder, that Eddins, Kelly, and Maggie Smith failed to take certain actions and that they blocked the entry to the restroom during

the attack, "prevent[ing] an escape route for Plaintiff." (Docket No. 17, Ex. A, ¶ 31). Plaintiff

further asserts that they failed to train the employee who entered the restroom and removed the

baseball bat without attempting to break up the fight or otherwise directly assist her. (*Id*. at ¶ 63).

Plaintiff maintains that these actions by the Walmart employees increased the risk of harm to her

because she was subject to a more severe beating from Brown. (*Id*. at ¶ 73). Since the negligence

claims against Eddins, Kelly, and Maggie Smith allege misfeasance, Wal-Mart's objections that

she has not set forth colorable claims are overruled. In fact, the Court believes that Plaintiff's

pursuit of colorable claims supports her contention that they were not added to destroy diversity

jurisdiction.

Moving on, Wal-Mart also contends that since it could be held vicariously liable for any

negligence of its employees, Plaintiff's claims against them are "superfluous" and designed to

defeat diversity jurisdiction. (Docket Nos. 15; 21). However, Rule 20 expressly permits this type

of joinder and the Court declines to interpret the vicarious liability count as Plaintiff's intention

not to prosecute the claims against Eddins, Kelly, and Maggie Smith. *See Marker v. Chesapeake*

*Life Ins. Co.*, Civ. A. No. 10-729, 2011 WL 2670004, at *2 (E.D. Pa. July 6, 2011) (pursuit of an

additional theory of liability against employee of current defendant upon discovery of additional

facts does not indicate improper purpose). Moreover, "in order to hold an employer vicariously

liable for the negligent acts of its employee, these acts must be 'committed during the course of

and within the scope of the employment.'" *Ludwing v. McDonald*, 204 A.3d 935, 943 (Pa. Super.

Ct. 2019). Thus, even if Eddins, Kelly, and Maggie Smith were negligent, it is unclear at this stage

of the proceedings if Wal-Mart would ultimately be vicariously liable for their actions as discovery

may show that Eddins, Kelly, and Maggie Smith acted recklessly. *See Brezenski v. World Truck*

*Transfer, Inc.*, 755 A.2d 36, 39 (Pa. Super. Ct. 2000) (employer not liable for acts "done for

personal reason, or in an outrageous manner"). All told, the vicarious liability count against Wal-Mart and the additions of Eddins, Kelly, and Maggie Smith suggests an intent to prosecute the action against them as opposed to an intent not to prosecute.

Additionally, as the Court discusses in the next section of this Opinion, the quickness with which Plaintiff moved to add her claims against these individual employees supports a finding that her motivation was not to destroy diversity jurisdiction, but rather to pursue actionable claims. Overall, the Court cannot conclude that Plaintiff's motivation for joining Eddins, Kelly, and Maggie Smith was solely to destroy diversity jurisdiction and this factor weighs in favor of remanding the matter. *See Avenatti*, 41 F.4th at 129.

ii.    *Timeliness*

Second, it appears to the Court that Plaintiff promptly sought leave to add Eddins, Kelly, and Maggie Smith once they were identified. *See Avenatti*, 41 F.4th at 129. Through no fault of her own, Plaintiff was first able to identify these employees when Wal-Mart provided their identities in its Rule 26(a)(1) Initial Disclosures on September 11, 2024. (Docket No. 24, 8). Thirty days later, Plaintiff first moved to amend the Complaint in order to join some Wal-Mart employees as parties. (Docket No. 13). The Court agrees with Plaintiff's position that she had limited ability to ascertain the identity of Wal-Mart employees standing outside the bathroom during the attack. *Cf. Gallegos v. Safeco Ins. Co. of Indiana*, Civ. A. No. 09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (motion to amend was dilatory where plaintiff "had ample opportunity" to learn about joined defendant's identity). As such, she cannot be faulted for her failure to include them in her initial Complaint. *See Thompson v. Niagara Bottling, LLC*, Civ. A. No. 23-0659, 2024 WL 4495114, at *3 (W.D. Pa. May 23, 2024) (plaintiff's motion to join additional defendants shortly after learning their identity supports reasonable diligence determination). Further, a much shorter

amount of time passed between when Plaintiff learned of their identities and sought leave to add

them to this case and the sixteen months between the attack and Wal-Mart's disclosures of their

identities to Plaintiff's counsel.

The Court also finds that there were no procedural defects precluding the joinder of these

parties. To that end, Plaintiff's Motion seeking leave to amend was timely filed in advance of the

case management conference. Indeed, this Court's standard Rule 12(b) Order provides, in pertinent

part, that "the parties shall endeavor not to oppose motions to amend the pleadings that are filed

prior to the initial Case Management Conference." (Docket No. 8). In addition, since Wal-Mart

does not oppose joining Brosnan or Brown, their opposition on timeliness grounds to joining

Eddins, Kelly, and Maggie Smith is unconvincing.

For the aforementioned reasons, Plaintiff's request to join Eddins, Kelly, and Maggie Smith

was timely and favors joinder.

*iii.    Injury*

Third, the Court believes that Plaintiff would be prejudiced if joinder is not permitted

because she would have to proceed with separate lawsuits arising from the same events in state

and federal court. *See Avenatti*, 41 F.4th at 129. Economically, Plaintiff would bear the burden of

additional costs associated with separate actions, although the facts remain the same. *See Aldorasi*,

344 F.Supp.3d at 828. Legally, if Plaintiff pursues separate actions in state and federal court, this

Court could reach an inconsistent ruling or determination from the state court handling that action.

*See City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F.Supp.2d 742, 749 (D. N.J. 2008). On the

other hand, Wal-Mart has not articulated any prejudice to it by proceeding in a single action, aside

from its favoring of a federal forum. For example, the Court of Common Pleas of Allegheny

County requires litigants to participate in a formal mediation process similar to the processes

required of litigants in the Western District of Pennsylvania. *Compare* Allegh. L. R. No. 212.7 *with* LCvR. 16.2. The availability of an alternative dispute resolution program and other procedures in state court demonstrate that Wal-Mart is not prejudiced by remand.[6] In all, the slight economic and legal prejudice which would result from separate state and federal actions supports joining Eddins, Kelly, and Maggie Smith. *See Avenatti*, 41 F.4th at 129.

      *iv.      Equitable Considerations*

Fourth, the Court finds that other equitable considerations support permitting the joinder of the Wal-Mart employees. *See Avenatti*, 41 F.4th at 129. Specifically, the interests of judicial economy favor joining additional defendants at this early stage of the litigation and remanding the case to state court in order to provide it with an opportunity to consider any arguments against Plaintiff's claims by Wal-Mart and the remaining defendants. *See Kahhan v. Mass. Cas. Ins. Co.*, Civ. A. No. 01-1128, 2001 WL 1454063, at *3 (E.D. Pa. Nov. 14, 2001) (federal courts prefer to have state courts interpret their own laws). Of course, proceeding with parallel litigation in state and federal court would unnecessarily waste judicial resources of both courts, and possibly make the case more difficult to resolve through mediation or otherwise. *See Ill. Brick Co. v. Illinois*, 431 U.S 720 (1977). Given same, the Court concludes that other equitable considerations support joining Eddins, Kelly, and Maggie Smith.

      V. CONCLUSION

On two different bases, this action must be remanded. First, by failing to provide sufficient evidence of Brosnan's citizenship, the parties have failed to demonstrate that complete diversity exists if the Court approves the undsiputed joinder of Brosnan. Second, having considered each of the four *Hensgens* factors and finding that each supports the joinder of Eddins, Kelly, and Maggie

---

[6]     If it so desires, Wal-Mart may also seek complex case designation in state court, which this Court believes may be helpful in resolving this case. *See* Allegh. L. R. No. 249.

Smith, the Court will exercise its discretion to permit Plaintiff to amend her Complaint and her

Modified Amended Complaint will be deemed filed. *See Hensgens*, 833 F.2d 1179; Fed. R. Civ.

P. 15(a)(2) ("The court should freely give leave when justice so requires."). The additions of

Eddins, Kelly, and Maggie Smith shatters complete diversity, depriving this Court of jurisdiction.

Based on the foregoing, Plaintiff's Motion for Leave to Amend Complaint and to Remand

Case to State Court [13] is granted and this matter is remanded to the Court of Common Pleas of

Allegheny County. An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated:  December 20, 2024

cc/ecf:  All counsel of record.